UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE P. KARDA, | CASE NO. 2:22-cv-1402 |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| SEATTLE POLICE DEPARTMENT, TIMOTHY HYBAK, SUPERVISOR OF OFFICIER TIMOTHY HYBAK, | |
| Defendants. | |

## 1. INTRODUCTION

The Court raises this matter sua sponte. On October 2, 2022, Plaintiff George P. Karda moved to proceed in forma pauperis (IFP) and filed a proposed civil rights complaint. Dkt. No. 1. Two days later, United States Magistrate Judge S. Kate Vaughan granted Karda IFP status but "recommend[ed] review by the assigned District Judge under 28 U.S.C. § 1915(e)(2)(B)." Dkt. No. 3. The Court attempted to send a copy of Judge Vaughan's order and a letter to Karda at his reported address: 8329 44th Ave S, Seattle, WA 98118. But the Postal Service returned both documents as undeliverable and unable to forward. Dkt. Nos. 5, 6.

ORDER TO SHOW CAUSE - 1

The Court now ORDERS Karda to show cause in writing by December 14, 2023, why this case should not be dismissed without prejudice under LCR 41(b) for failure to prosecute.

## 2. BACKGROUND

Karda alleges Defendant Timothy Hybak, a "community police team" officer, "cited [his] R/V[,]" "called [a] tow company and kicked [him] to the curb" on September 25, 2019. Dkt. No. 4 at 8. Karda further alleges both Hybak and Hybak's supervisor told him he has "no rights" and needed to gather his belongings before the tow truck arrived. *Id.* at 5, 8. When Karda asked the supervisor to clarify, she repeated "you don't have any right[s,]" which made him think they would "kill [him]" if he said or did anything. *Id.* at 5.

Karda sues under 42 U.S.C. § 1983, claiming violations of his First, Fourth, Fifth, and Fourteenth Amendment rights. *Id.* at 7. As a result, Karda seeks $32,600 in damages for his property and $500,000,000 in punitive damages. *Id.* at 6, 9.

## 3. DISCUSSION

Under Local Civil Rule 41, courts may dismiss a case for lack of prosecution if it has been pending for "more than nine months without any proceeding of record having been taken." LCR 41(b)(1). Dismissal is also warranted "[i]f mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address . . . ." LCR 41(b)(2).

Karda hasn't taken action of record on his case in over a year; and more than 60 days have passed since the Postal Service returned Judge Vaughan's order as

ORDER TO SHOW CAUSE - 2

undeliverable, but Karda hasn't updated his mailing address. *See* Dkt. Accordingly, this case is subject to dismissal under LCR 41(b) for failure to prosecute.

## 4.  CONCLUSION

Therefore, it is **ORDERED** that Karda must show cause in writing by December 14, 2023, why this case should not be dismissed without prejudice under LCR 41(b) for failure to prosecute. If Karda fails to timely respond, the Court will dismiss his case without prejudice and without further notice.

Dated this 14th day of November, 2023.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 3